IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY KING,

      Plaintiff,

v.                                            CV 17-0427 GBW/WPL

CITIZENS DISABILITY LLC,

      Defendant.

## ORDER DENYING MOTION TO COMPEL

Danny King has sued Citizens Disability LLC for violations of the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act for telephone calls that he received that he claims violate both Acts. Citizens Disability has filed an answer, denying liability because it claims that King provided prior express written consent ("opted-in") to receive the telephone calls that are the subject of this case. At issue is the motion that King has filed to compel Citizens Disability to provide additional information and documents in its initial disclosure of possible witnesses and documents it may use in this case. (Doc. 20).

King argues that he provided information to Citizens Disability in March of 2017, and that Citizens Disability had a duty to review that information and frame its initial disclosures in light of the information that he provided. He requests that Citizens Disability provide: 1) notice of the website King allegedly visited to request the calls; 2) a copy of the online form King allegedly filled out to consent to the calls; 3) the identity of Citizens Disability's telemarketers; 4) Citizens Disability's contracts and agreements with its telemarketers; 5) a copy of "the lead(s)" a/k/a ("opt-in") Citizens Disability allegedly relied on to auto-dial King; and 6) names,

addresses and telephone numbers for all real persons who made any "statements" to Citizens Disability about King, including staff and employees of Citizens Disability.

King seems to have confused the concept of liberal discovery allowed under the Federal Rules of Civil Procedure with the initial disclosures mandated under Rule 26(a)(1)(A). King has not cited any authority for the proposition that he can dictate to Citizens Disability what it must disclose in its initial disclosures. Under Rule 26, Citizens Disability must disclose the identity of individuals likely to have discoverable information, and a copy or description of all documents that it has in its possession, custody or control, that it may use to support its claims or defenses. FED R. CIV. P. 26(a)(1)(A)(i),(ii). Although King complains that Citizens Disability did not produce copies of certain documents as part of its initial disclosures, Rule 26 specifically gives Citizens Disability the option of providing copies "or a description" of the documents it may use. FED. R. CIV. P. 26(a)(1)(A)(ii).

Citizens Disability's disclosure requirements are directly tied to the exclusionary provisions of Rule 37(c)(1). A party that fails to properly disclose witnesses or documents in its initial disclosures is not allowed to use those witnesses or documents in its case unless the failure to disclose was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). While Citizens Disability's disclosures certainly seem to be bare bones, if it has failed to meet its obligations under Rule 26(a) King may move to exclude the witnesses or documents under Rule 37(c)(1).

King's motion to compel discovery is denied.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.